UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY VERNON<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY, et al.<br><br>Defendants. | CIVIL ACTION NO.<br>2:18-cv-03902-ER<br><br><br>AMENDED COMPLAINT AND<br><u>JURY TRIAL DEMANDED</u> |

Plaintiff, by way of Amended Complaint against Defendants, upon information and belief alleges as follows:

## INTRODUCTION

1. This is a personal injury action brought by Plaintiff Harry Vernon ("Plaintiff") against Defendant International Paper Company ("International Paper") and Defendant Owens-Illinois, Inc. ("O-I") for their conduct in causing Plaintiff to be exposed to asbestos, which caused his diagnosed mesothelioma.

2. Defendants knew, or in the exercise of reasonable care should have known, that their conduct, acts and omissions would expose Plaintiff and persons similarly situated to a dangerous and unreasonable risk of injury.

3. Even still, Defendants failed to take reasonable precautions or exercise reasonable care to protect or warn Plaintiff of the risks, dangers, and harm to which he would be exposed by inhaling or ingesting asbestos dust and fibers.

4. As a result of Defendants' acts and omissions, Plaintiff was needlessly exposed to

asbestos — a known carcinogen — that caused him to contract mesothelioma, a disease caused only by exposure to asbestos, for which there is no permanent cure.

5. Plaintiff's mesothelioma has caused and will continue to cause him to suffer severe, permanent, and disabling personal injuries and physical and mental pain and suffering.

6. Plaintiff has and will continue to expend money for medical care and treatment related to his injuries.

7. Therefore, on August 6, 2018, Plaintiff filed his Complaint against the Defendants in the Court of Common Pleas – Philadelphia County.

8. On September 12, 2018, O-I removed this case to the United States District Court for the Eastern District of Pennsylvania (ECF 2).

9. On September 13, 2018, Plaintiff testified at his trial and discovery depositions. Defendants attended Plaintiff's depositions and had a full and fair opportunity to – and did – question him.

10. On September 19, 2018, O-I filed a Motion to Dismiss Plaintiff's Complaint (ECF 3); therefore, Plaintiff files and serves this Amended Complaint in response pursuant to Fed. R. Civ. P. 15.

11. As of the date of O-I's Motion to Dismiss and the filing of this Amended Complaint, Plaintiff's deposition transcripts have not been made available. The transcripts contain, among other things, details of Plaintiff's asbestos exposure.

## PLAINTIFF HARRY VERNON

12. Plaintiff resides at 331 Tansboro Rd., Lot 11, Strawberry Village, Berlin, NJ 08009.

13. Plaintiff was diagnosed with mesothelioma on or about April 24, 2018 by Richard L. Gordon, D.O., Cancer & Hematology Specialists, 705 White Horse Rd., #D105, Voorhees

Township, NJ 08043.

## DEFENDANT INTERNATIONAL PAPER COMPANY

14. Defendant INTERNATIONAL PAPER COMPANY is a corporation duly organized and existing under the laws of the State of Tennessee, with its principal place of business located at 6400 Poplar Ave., Memphis, TN 38197-0100.

15. As outlined in detail below, International Paper employed Plaintiff at a manufacturing facility ("manufacturing facility") located at 2100 Byberry Rd., Philadelphia, PA 19116, from 1967-2000.

16. At all relevant times, International Paper owned, leased, operated, possessed and/or controlled the premises located at 2100 Byberry Rd., Philadelphia, PA 19116.

17. At all relevant times, Plaintiff worked as a forklift operator for International Paper at the manufacturing facility.

18. Plaintiff was exposed to asbestos from a variety of sources while working at the manufacturing facility.

19. Upon information and belief, at all times relevant while working at the manufacturing facility, Plaintiff was exposed to asbestos from pipe insulation, using an air hose to clean the facility's machines, and from asbestos-containing brakes on the forklifts he operated.

20. Upon information and belief, at all times relevant while working at the manufacturing facility, Plaintiff may have been exposed to asbestos from other sources – those sources are presently unknown to Plaintiff but may be established during the course of discovery.

21. At all relevant times, International Paper owed Plaintiff a duty of care.

22. International Paper is a company and/or successor of a company who employed Plaintiff on its premises and is subject to liability pursuant to the holding in Tooey v. AK Steel Corporation, 623 Pa. 60 (2013).

23. International Paper failed to exercise reasonable care to provide Plaintiff with a reasonably safe place to work.

24. At all relevant times, Plaintiff was exposed to asbestos-containing dust and fibers that he inhaled and ingested, as a direct result of International Paper's conduct.

25. At all relevant times, International Paper failed to provide any protection or warnings to Plaintiff regarding asbestos exposure.

26. As a direct and proximate consequence of the conduct of International Paper, Plaintiff was caused to develop mesothelioma; was caused to endure great pain and suffering, both physical and mental in nature, and was caused to incur medical expenses and suffer financial losses.

## DEFENDANT OWENS-ILLINOIS, INC.

27. Defendant OWENS-ILLINOIS, INC. is a Delaware corporation headquartered at One Michael Owens Way, Perrysburg, Ohio 43551, that was doing business in the Commonwealth of Pennsylvania and the State of New Jersey, with its registered agent address as CT Corporation System, 116 Pine Street, Suite 320, Harrisburg, Pennsylvania 17101.

28. At all relevant times, O-I designed, manufactured, produced, supplied, sold, and/or distributed, asbestos-containing and asbestos-covered products and material.

29. One of the asbestos-containing products O-I designed, manufactured, produced, supplied, sold, and/or distributed was called Kaylo.

30. As outlined in detail below, O-I designed, manufactured, produced, supplied, sold and/or distributed asbestos-containing and asbestos-covered products and material at, among other places, a manufacturing facility located on Jackson Rd., Berlin, NJ 08009, from approximately 1955-1970.

31. At all relevant times, O-I owned, leased, operated, possessed and/or controlled the manufacturing facility located on Jackson Rd., Berlin, NJ 08009.

32. At all relevant times, O-I designed, manufactured, produced, supplied, sold and/or distributed asbestos-containing and asbestos-covered products, material and debris to which Plaintiff was exposed.

33. At all relevant times, O-I used trucks to carry, dump and/or discard asbestos-containing and asbestos-covered products, materials and/or debris from the manufacturing facility (and possibly from other facilities or sources) to a dump site located on New Freedom Rd. in Pine Hill, NJ ("dump site").

34. At all relevant times, O-I owned, leased, operated, possessed and/or controlled the trucks that dumped asbestos-containing and asbestos-covered products, materials and/or debris at the dump site.

35. At all relevant times, the trucks were not covered and dust and fibers from the asbestos-containing and asbestos-covered products, materials and/or debris would emanate from the trucks.

36. At all relevant times, O-I owned, leased, operated, possessed and/or controlled the dump site located on New Freedom Rd. in Pine Hill, NJ.

37. From approximately 1955-1970, Plaintiff resided at 125 Bramau Ave., Pine Hill, NJ 08009, which was close to the O-I manufacturing facility and dump site.

38. As a result of O-I's conduct, asbestos fibers were all over the road, surrounding areas and in the air at and around the location of the dump site.

39. As a result of O-I's conduct, asbestos fibers were in the air at and around the location of O-I's manufacturing facility.

40. As a result of O-I's conduct, asbestos fibers were in the air at and around the location of Plaintiff's residence on Bramau Ave.

41. At all relevant times, O-I owed Plaintiff a duty of care.

42. At all relevant times, Plaintiff was exposed to asbestos-containing dust and fibers that he inhaled and ingested, as a direct result of O-I's conduct, as he walked at, near, by, and/or on the dump site on a frequent basis.

43. At all relevant times, Plaintiff was exposed to asbestos-containing dust and fibers that he inhaled and ingested, as a direct result of O-I's conduct, as he lived his daily life on Bramau Ave.

44. It was foreseeable to O-I that Plaintiff would be exposed to asbestos from O-I's premises, products, materials, and debris.

45. At all relevant times, O-I failed to provide any protection or warnings to Plaintiff regarding asbestos exposure.

46. As a direct and proximate consequence of the conduct of O-I, Plaintiff was caused to develop mesothelioma; was caused to endure great pain and suffering, both physical and mental in nature, and was caused to incur medical expenses and suffer financial losses.

## JURISDICTION AND VENUE

47. Defendant O-I removed this matter to this Court claiming jurisdiction exists under 28 U.S.C. §§ 1441.

48. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1446(b) because this Court is located in the federal judicial district that includes the Court of Common Pleas for Philadelphia County, Pennsylvania, where Plaintiff filed his original Complaint.

## COUNT I – NEGLIGENCE, GROSS NEGLIGENCE AND RECKLESS CONDUCT AGAINST DEFENDANTS INTERNATIONAL PAPER COMPANY AND OWENS-ILLINOIS, INC.

49. Plaintiff repeats the prior allegations of this Amended Complaint.

50. At all relevant times, Defendants owned, leased, operated, possessed and/or controlled the above-identified premises, which were unsafe and exposed Plaintiff to asbestos.

51. At all relevant times, Defendants failed to act in a reasonably careful manner under the circumstances to avoid harming Plaintiff.

52. At all relevant times, Defendants' conduct significantly departed from how a reasonably careful company would act under the circumstances.

53. At all relevant times, Defendants knew danger existed for persons exposed to asbestos, but intentionally disregarded the likelihood of harm.

54. At all relevant times, Defendants should have known harm was certain to occur or reasonably certain to occur but intentionally acted or failed to act, in conscious disregard of the likelihood of harm to others.

55. At all relevant times, Defendants knew or should have known that their products, materials, debris and premises contained asbestos, would release asbestos dust and fibers into the atmosphere, and would expose persons like and including Plaintiff to respirable dust.

56. At all relevant times, Defendants knew or should have known that asbestos exposure can cause disease.

57. At all relevant times, Defendants knew or should have known that asbestos exposure can cause death.

58. At all relevant times, Defendants failed to provide any protections or warnings that their premises were safe.

59. As a direct, proximate, and substantial result of Defendants' conduct, which increased Plaintiff's risk of harm, Plaintiff was exposed to, and came in contact with, asbestos and inhaled or ingested asbestos dust and fibers. Plaintiff was caused to suffer the injuries, expenses and losses alleged in this Amended Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law in excess of $75,000.00.

## COUNT II – CONSPIRACY AGAINST DEFENDANTS INTERNATIONAL PAPER COMPANY AND OWENS-ILLINOIS, INC.

60. Plaintiff repeats the prior allegations of this Amended Complaint.

61. At all relevant times International Paper and O-I individually, jointly and in conspiracy with other entities, the identifies of which are presently unknown to Plaintiff, possessed medical and scientific data which indicated that the inhalation of asbestos dust and fibers was dangerous, ultrahazardous, carcinogenic and/or potentially deadly.

62. At all relevant times, despite this data, the Defendants exposed and continued to expose Plaintiff to risks and dangers of asbestos exposure.

63. At all relevant times, Defendants failed to protect or warn Plaintiff about the risks of harm by asbestos exposure.

64. As a direct, proximate, and substantial result of Defendants' conduct, which increased Plaintiff's risk of harm, Plaintiff was exposed to, and came in contact with, asbestos

8

and inhaled or ingested asbestos dust and fibers. Plaintiff was caused to suffer the injuries, expenses and losses alleged in this Amended Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law in excess of $75,000.00.

## COUNT III – EMPLOYER TORTIOUS CONDUCT AGAINST DEFENDANT INTERNATIONAL PAPER COMPANY

65. Plaintiff repeats the prior allegations of this Amended Complaint.

66. At all relevant times, Plaintiff was employed on premises owned, leased, operated, possessed and/or controlled by International Paper.

67. At all relevant times, International Paper failed to exercise reasonable care to provide Plaintiff with a reasonably safe place to work.

68. At all relevant times, International Paper exposed Plaintiff to unreasonably dangerous asbestos conditions, including but not limited to pipe insulation, using an air hose to clean the facility's machines, and asbestos-containing brakes on the forklifts he operated.

69. As a direct, proximate, and substantial result of International Paper's conduct, which increased Plaintiff's risk of harm, Plaintiff was exposed to, and came in contact with, asbestos and inhaled or ingested asbestos dust and fibers. Plaintiff was caused to suffer the injuries, expenses and losses alleged in this Amended Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law in excess of $75,000.00.

## COUNT IV – STRICT LIABILITY AGAINST DEFENDANT OWENS-ILLINOIS, INC.

70. Plaintiff repeats the prior allegations of this Amended Complaint.

9

71. At all relevant times, O-I designed, manufactured, produced, supplied, sold, distributed, and/or dumped and discarded asbestos-containing and asbestos-covered products, material and debris.

72. At all relevant times, O-I designed, manufactured, produced, supplied, sold, distributed, and/or dumped and discarded asbestos-containing and asbestos-covered products, material and debris that was defective in design and/or manufacture.

73. At all relevant times, O-I failed to protect or warn Plaintiff about the defectiveness of its products, material and debris and the fact that its products, material and debris contained asbestos.

74. As a direct, proximate, and substantial result of O-I's conduct, which increased Plaintiff's risk of harm, Plaintiff was exposed to, and came in contact with, asbestos and inhaled or ingested asbestos dust and fibers. Plaintiff was caused to suffer the injuries, expenses and losses alleged this Amended Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law in excess of $75,000.00.

## COUNT V – NEIGHBORHOOD EXPOSURE AGAINST DEFENDANT OWENS-ILLINOIS, INC.

75. Plaintiff repeats the prior allegations of this Amended Complaint.

76. At all relevant times, O-I allowed asbestos particles, dust, and fibers to be emitted from its manufacturing facility, trucks and dump site, into the air in the area around Plaintiff's residence.

77. At all relevant times, these asbestos particles, dust and fibers were inhaled by Plaintiff.

78. At all relevant times, O-I knew or should have known of the health hazards caused by the aforementioned asbestos fibers, dust, particles, and/or pollution being emitted into the air and knew or should have known that said dust, fibers, particles, and/or pollution were deleterious, poisonous, and highly harmful to Plaintiff and/or other people living near the O-I manufacturing facility and dump site; yet O-I failed to provide adequate and sufficient protection or warnings.

79. As a direct, proximate, and substantial result of O-I's conduct, which increased Plaintiff's risk of harm, Plaintiff was exposed to, and came in contact with, asbestos and inhaled or ingested asbestos dust and fibers. Plaintiff was caused to suffer the injuries, expenses and losses alleged in this Amended Complaint.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages and costs of suit as provided by law in excess of $75,000.00.

## COUNT VI – PUNITIVE DAMAGES AGAINST DEFENDANTS INTERNATIONAL PAPER COMPANY AND OWENS-ILLINOIS, INC.

80. Plaintiff repeats the prior allegations of this Amended Complaint.

81. Due to the Defendants' outrageous conduct, which was malicious, wanton, willful, oppressive and/or showed reckless indifference to the interests of others, Plaintiff seeks punitive damages.

82. Due to the character of the Defendants' acts, the nature and extent of the harm to the Plaintiff that the Defendants caused, and the wealth of the Defendants, Plaintiff seeks punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally, or in

the alternative, for compensatory damages, punitive damages and costs of suit as provided by law in excess of $75,000.00.

COHEN, PLACITELLA & ROTH, P.C.<br>
Attorneys for Plaintiff<br>
<br>
By: _____<br>
Jon D. Rubinstein, Esquire<br>
Identification No.: 318138<br>
jrubinstein@cprlaw.com<br>
2001 Market Street, Suite 2900<br>
Philadelphia, Pennsylvania 19103<br>
(215) 567-3500

Date: September 20, 2018

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues.

COHEN, PLACITELLA & ROTH, P.C.<br>
Attorneys for Plaintiff<br>
<br>
By: _____<br>
Jon D. Rubinstein, Esquire

Date: September 20, 2018

## CERTIFICATION

I hereby certify that to my knowledge the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated with the exception of a possible workers' compensation claim. I have no knowledge at this time of any non-party who should be joined in this action.

COHEN, PLACITELLA & ROTH, P.C.
Attorneys for Plaintiff

By: _____
Jon D. Rubinstein, Esquire

Dated: September 20, 2018