**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HARRY VERNON, | : | |
| Plaintiff, | : | |
| vs. | : | No. 2:18-CV-03902-ER |
| INTERNATIONAL PAPER COMPANY, et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW,** this _____ day of __________________________, upon consideration of Defendant Owens-Illinois, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim, it is hereby **ORDERED** and **DECREED** that Plaintiff's Amended Complaint is dismissed with prejudice.

BY THE COURT:

________________________________
Eduardo C. Robreno, J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HARRY VERNON,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY, et al.,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 2:18-CV-03902-ER |

**DEFENDANT OWENS-ILLINOIS, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**
**UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM**

Defendant Owens-Illinois, Inc. moves to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Such relief is warranted for the reasons set forth in Owens-Illinois, Inc.'s memorandum of law and exhibits filed in support of this motion.

Dated: October 12, 2018

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

/s/ Chad D. Mountain
Chad D. Mountain, Esquire (86908)
Three Logan Square
1717 Arch Street, Suite 3710
Philadelphia, PA 19103
cmountain@maronmarvel.com

*Attorneys for Owens-Illinois, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HARRY VERNON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. 2:18-CV-03902-ER |
| | : | |
| INTERNATIONAL PAPER COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT OWENS-ILLINOIS, INC.'S**
**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM**

This is a two-defendant asbestos case where the Plaintiff claims that he was exposed to asbestos while working at an International Paper Company facility in Pennsylvania for several decades. The Amended Complaint also purports to state a claim against Owens-Illinois, Inc. ("Owens-Illinois") despite there being no comparable factual basis. The Amended Complaint does *not* allege that the Plaintiff ever worked at an Owens-Illinois facility or worked around people using Owens-Illinois products. It also does *not* allege that he ever used a product made or sold by Owens-Illinois. *Nor* does it allege that he ever lived in the household with anyone who either worked at an Owens-Illinois facility or used Owens-Illinois products.

Rather, the entire basis of the claims against Owens-Illinois—sounding in negligence, conspiracy, strict liability, and "neighborhood exposure"—is that the Plaintiff resided within a few miles of an Owens-Illinois manufacturing facility and

"walked at, near, by and/or on the dump site" where Owens-Illinois allegedly disposed of materials from its manufacturing facility. As shown below, the assertion that Owens-Illinois owned and operated the dump site is demonstrably false based on public records. In essence, the tort claim against Owens-Illinois is based on a theory that, in the 1950s, Owens-Illinois owed a legal duty to virtually anyone who lived or walked around in the general vicinity of Berlin, New Jersey.

No New Jersey case so holds. The Amended Complaint against Owens-Illinois therefore seeks to expand New Jersey tort law beyond recognition. In seeking this vast expansion of tort liability, the Plaintiff fails to provide sufficient facts to state any claim for relief and should be dismissed with prejudice.

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678 (internal citations and quotations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2010) ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."). And while a court must accept all well-pleaded factual allegations in a complaint, that "tenet … is inapplicable to legal conclusions." *Id*. Thus, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Furthermore, a complaint must include sufficient facts which move a claim from being simply "possible" to "probable." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion the court may, in addition to the allegations in the complaint, rely on matters of public record. *See Johnson v. Zwolak*, No. CIV.A.08-4854, 2009 WL 928563, at *2 (E.D. Pa. Apr. 7, 2009) (citations omitted). This includes property records. *Id.* at *3 ("the Court may take judicial notice of the deed, a public record, which is attached to [defendant's] Motion to Dismiss").

**CHOICE OF SUBSTANTIVE LAW**

As a court sitting in diversity, this Court applies the forum state's choice of law rules. *St. Paul Fire & Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 n.3 (3d Cir. 1991) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). The Plaintiff is a resident of New Jersey. Am. Compl. ¶ 12, 37. As to Owens-Illinois, all of the Plaintiff's alleged exposure to asbestos took place in New Jersey. *Id.* at ¶ 42. The Plaintiff also alleges that he was diagnosed with an asbestos-related disease in New Jersey. *Id.* at ¶ 13. Thus, New Jersey law applies to the Plaintiff's claims against Owens-Illinois. *Marks v. Redner's Warehouse Markets*, 136 A.3d 984, 989 (Pa. 2016) (stating that there is "a presumption in personal injury cases that favors the application of the law of the state where the injury occurred").

## ARGUMENT

### I. COUNT I FAILS TO STATE A CLAIM FOR NEGLIGENCE.

In Count I, Plaintiff fails to plead sufficient facts to support a claim for negligence. The entire count makes no distinction between either defendant and makes no specific allegations against International Paper Company or Owens-Illinois justifying the relief sought. Indeed, the Amended Complaint provides only one conclusory allegation that "O-I owed Plaintiff a duty of care." Am. Compl. ¶ 41. That lone conclusory allegation does not satisfy the "plain and clear" mandate of Rule 8 or meet the plausibility standards set forth in *Twombly* and *Iqbal*, let alone the legal theory upon which Plaintiff claims a duty of care under New Jersey law.[1]

No New Jersey court has ever held that a plaintiff who merely "walked by" a manufacturing facility or a dump site where a company deposited trash has a cause of action in negligence for such "neighborhood exposure." Nor does the Amended Complaint provide facts to impose such a legal duty of care against Owens-Illinois.

---

[1] Moreover, New Jersey law no longer recognizes a common-law negligence claim for harm allegedly caused by a product. N.J. Stat. Ann. § 2A:58C-1 ("'Product liability action' means any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty."); *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596–97 (D.N.J. 2015) (dismissing negligence count and collecting cases where "the Third Circuit, this district court, and the state courts of New Jersey have consistently dismissed product liability claims based on those common-law theories").

Nowhere does the Plaintiff allege that he had a relationship of any kind with Owens-Illinois during this period.[2]

Here, the alleged "neighborhood exposure" could only have taken place in the 1950s because it is a matter of public record that Owens-Illinois stopped the manufacture of insulation products in 1958, selling its business, including its Berlin, New Jersey plant.[3] But the Plaintiff never alleges that he visited, let alone worked at, the Owens-Illinois manufacturing facility in the 1950s, or any other time. Am. Compl. ¶ 37. Additionally, Plaintiff's claim that Owens-Illinois owned and operated the dump site along New Freedom Road, which he does claim to have walked by, is simply false. Attached as

---

[2] New Jersey courts have addressed the limits of a premises owner's duty. In *Olivo*, the court held that a household member of a worker who himself was occupationally exposed to asbestos has a tort claim against the owner of the worker's place of employment (*Olivo v. Owens-Illinois, Inc.* 186 N.J. 394, 895 A.2d 1143 (2006)), but the court cautioned in *Olivo* and *Accuratus* against improperly expanding tort duties beyond this setting (*Schwartz v. Accuratus Corp.*, 294 F. Supp. 3d 386, 392 (E.D. Pa. 2018) ("While the [*Olivo*] court refused to impose a categorical limit on whether take-home toxic-tort liability could extend beyond a spouse, it warned against extending liability beyond its intended purpose")).

[3] *See Kurak v. A.P. Green Refractories Co.*, 689 A.2d 757, 760 (N.J. App. Div. 1997) ("OI began manufacturing Kaylo, an asbestos-containing hot pipe insulating cover, and asbestos block, sheets of insulating material, in 1948. In 1953, OCF became the exclusive distributor of these materials for OI. In 1958, OCF purchased the business from OI and continued to use the brand name 'Kaylo.' In 1972, OCF stopped manufacturing these materials."); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 516 (2004), *as modified* (Dec. 30, 2004) ("In 1958 Owens-Illinois sold its Kaylo division to Owens-Corning Fiberglas Corporation (OCF). With the sale Owens-Illinois ceased all manufacture, sale, and distribution of Kaylo."); *Giacobbe v. Celotex Corp.*, 629 F. Supp. 827, 829 (E.D. Pa. 1985) ("Defendant [Owens-Illinois] sold and manufactured asbestos-containing products for a period of years, but ceased selling and manufacturing such products on or about April 30, 1958.").

Exhibit A is the public record of the deed of sale of the property at issue along New Freedom Road. It clearly shows that the Fonte Family owned the land beginning in or about 1944 and sold it in 1970. Owens-Illinois was not the premises owner of this property and did not operate or control its activities. Plaintiff's conclusory allegations that Owens-Illinois owed a duty to Plaintiff are baseless.

Nor does the Plaintiff allege facts that show Owens-Illinois knew or should have known, in the 1950s, that merely living "near" a manufacturing plant or "walking by" a dump site would generate sufficient asbestos exposure to pose a health risk. There is a good reason. No one in the world reported disease from such exposure (or even from household exposure derived from occupational exposures) during this time period (and well before the Occupational Safety and Health Administration standards released in 1972). Courts around the country have so held.[4]

---

[4] *See Martin v. Gen. Elec. Co.*, No. CIV. A. 02-201-DLB, 2007 WL 2682064, at *5 (E.D. Ky. Sept. 5, 2007), *aff'd sub nom. Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439 (6th Cir. 2009) ("Under the facts of this case, neither [defendant] owed a legal duty to Plaintiff's Decedent because the potential harm of non-occupational asbestos exposure was not foreseeable to either Defendant during the relevant time period. Although the general danger of prolonged occupational asbestos exposure to asbestos manufacturing workers was known by at least the mid–1930s, the extension of that harm to others was not widely known until at least 1972, when OSHA regulations recognized a causal connection."); *Georgia Pac., LLC v. Farrar*, 432 Md. 523, 541, 69 A.3d 1028, 1039 (2013) ("Assuming such warnings would, in fact, have reached the workers, much less bystanders, until the 1972 OSHA regulations were adopted . . . what were the workers to do? . . . The simple fact is that, even if Georgia Pacific should have foreseen back in 1968–69 that individuals such as Ms. Farrar were in a zone of danger, there was no practical way that any warning given by it to any of the suggested intermediaries would or could have avoided that danger."); *compare with, Chaisson v. Avondale Indus., Inc.*, 2005-1511 (La. App. 4 Cir. 12/20/06), 947 So. 2d 171, 183, *writ denied*, 2007-0411 (La.

Under the Plaintiff's theory against Owens-Illinois, it would owe a legal duty to anyone and everyone who ever "walked by" any activity that could conceivably involve the use or disposal of asbestos, no matter the quantity involved, the degree of exposure likely to be experienced, or the absence of any scientific evidence that such exposures actually cause disease. Courts around the country have acknowledged that there is asbestos in the ambient air in virtually every city and town in this country and as such cannot be the sole basis for causation to injury, thus rejecting "every fiber" causation theories. *E.g.*, *Krik v. Exxon Mobil Corp.*, 870 F.3d 669, 677 (7th Cir. 2017) ("Allowing causation to be established through testimony like [the expert's] would 'permit imposition of liability ... with which a worker had the briefest of encounters on a single occasion.' This is precisely the sort of unbounded liability that the substantial factor test was developed to limit." (quoting *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1177 (9th Cir. 2016), and citing *Lindstrom v. A–C Prod. Liab. Tr.*, 424 F.3d 488, 493 (6th Cir. 2005)). No science—even today—supports that such ambient exposure is linked to disease. Thus, Count I should be dismissed with prejudice.

---

4/5/07), 954 So. 2d 145 (holding that a defendant, aware of the 1972 OSHA standards had a duty to family members in a household exposure lawsuit). Again, the Plaintiff has not alleged the alleged risks that define this case for the simple reason that he could never prove such an allegation.

## II. COUNT II FAILS TO STATE A CLAIM FOR CONSPIRACY

In Count II, Plaintiff fails to plead sufficient facts to support a claim for conspiracy.[5] To state a claim for civil conspiracy under New Jersey law, Plaintiff must allege that a defendant (1) entered into an agreement with at least one other person, (2) for the purpose of committing an unlawful act, and (3) one of the conspirators then took at least one overt act in furtherance of the agreement, and (4) plaintiff suffered some damage as a result. *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177, 876 A.2d 253, 263 (2005); *see also Smith v. Honeywell Int'l Inc.*, No. 2:10-CV-03345 SDW, 2011 WL 810065, at *5 (D.N.J. Feb. 28, 2011). Furthermore, the underlying tort for the conspiracy must be intentional. *Lewis v. Airco, Inc.*, No. A-3509-08T3, 2011 WL 2731880, at *32 (N.J. Super. Ct. App. Div. July 15, 2011).

Plaintiff fails even to allege facts showing that Owens-Illinois entered into an agreement or any other necessary element of conspiracy. Indeed, Plaintiff has failed to provide any facts which would even circumstantially support the notion of a conspiracy. Thus, Count II should be dismissed with prejudice.

## III. COUNT IV FAILS TO STATE A CLAIM FOR STRICT LIABILITY.

In Count IV, Plaintiff attempts to state a claim for strict products liability. Because New Jersey law no longer recognizes a common-law strict liability claim for harm allegedly caused by a product, Count IV should be dismissed with prejudice. N.J. Stat. Ann. § 2A:58C-1 ("'Product liability action' means any claim or action brought by a

---

[5] Notably, this Court also has held that there is no evidence to support a conspiracy claim against Owens-Illinois. *Ellis v. Pneumo Abex Corp.*, No. 11-01128, 2013 WL 1099016, at *1 (E.D. Pa. Jan. 3, 2013).

claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty."); *Clements v. Sanofi-Aventis, U.S., Inc.*, 111 F. Supp. 3d 586, 596–97 (D.N.J. 2015) (dismissing strict liability count and collecting cases where "the Third Circuit, this district court, and the state courts of New Jersey have consistently dismissed product liability claims based on those common-law theories").

**IV. COUNT V FAILS TO STATE ANY RECOGNIZABLE CLAIM.**

In Count V, Plaintiff seeks an unrecognizable claim titled as "neighborhood exposure." There is no such claim under New Jersey law. Thus, Count VI should be dismissed with prejudice. *See Rodrigues v. Wells Fargo Bank*, N.A., No. 17-2294, 2018 WL 4631872, at *4 n.5 --- Fed. App'x ----, (3d Cir. Sept. 26, 2018) ("Rodrigues's complaint contains certain purported causes of action that are simply not cognizable …. The Court rightly dismissed those claims.").

**V. COUNT VI FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES.**

In Count VI, Plaintiff alleges a claim for punitive damages against Owens-Illinois. Because punitive damages are a remedy, not a substantive cause of action, and there are no factual allegations to support punitive damages, Count VI should be dismissed. *In re: Paulsboro Derailment Cases*, No. 13-0784 (RBK/KMW), 2016 WL 3917646, at *2 (D.N.J. July 18, 2016) ("New Jersey law does not provide an independent cause of action for punitive damages.").

## CONCLUSION

For these reasons, Owens-Illinois requests that this Court grant its motion to dismiss and enter an order dismissing Plaintiff's Amended Complaint against Owens-Illinois with prejudice. Owens-Illinois also requests any further relief that this Court deems just and proper.

Dated: October 12, 2018

Respectfully submitted,

**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**

/s/ Chad D. Mountain
Chad D. Mountain, Esquire (86908)
Three Logan Square
1717 Arch Street, Suite 3710
Philadelphia, PA 19103
cmountain@maronmarvel.com

*Attorneys for Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2018, I served a true and correct copy of these papers upon all counsel of record via electronic filing. These documents have been electronically filed and are available for viewing and downloading from the ECF system.

/s/ Chad D. Mountain
Chad D. Mountain, Esquire (86908)