UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY VERNON, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :    No. 2:18-CV-03902-ER |
| | : |
| INTERNATIONAL PAPER COMPANY and OWENS-ILLINOIS, INC., | : |
| | : |
| Defendants. | : |

**DEFENDANT OWENS-ILLINOIS, INC.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)
FOR FAILURE TO STATE A CLAIM**

As Plaintiff admits in his Amended Complaint, New Jersey is the only state with any connection to his claim against Owens-Illinois. He resides in New Jersey, was diagnosed in New Jersey, and alleges exposure to asbestos in New Jersey where Owens-Illinois owned a manufacturing plant until April 1958. Under the due process clause, the full faith and credit clause, and applicable choice of law rules, there is no question that New Jersey law governs his claim against Owens-Illinois. As Plaintiff also concedes in his response, the Amended Complaint does not state a claim against Owens-Illinois under New Jersey law. Pl.'s Resp. 32. Therefore, this Court should require Plaintiff to plead his claim against Owens-Illinois, if any exists, under New Jersey law.

I.     <u>THE U.S. CONSTITUTION REQUIRES NEW JERSEY LAW.</u>

Plaintiff has incorrectly assumed that Pennsylvania law governs his claim against Owens-Illinois. For Pennsylvania law to apply to the claim against Owens-Illinois, the

Supreme Court has made clear that Pennsylvania "must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985); *see also Bristol-Myers Squibb Co. v. Sup. Ct. Calif.*, 137 S. Ct. 1773, 1780 (2017).

Plaintiff's claim against Owens-Illinois is based entirely on events that occurred in New Jersey, not Pennsylvania. Plaintiff, a resident of New Jersey, claims exposure to asbestos in New Jersey because he lived a few miles from a New Jersey manufacturing facility operated by Owens-Illinois and walked by a New Jersey dump site where Owens-Illinois allegedly deposited material from its facility. While it is true that Plaintiff also alleges International Paper exposed him to asbestos during a later 33-year period when he worked at an International Paper facility in Pennsylvania, those allegations have nothing to do with Owens-Illinois. The U.S. Constitution thus prohibits applying Pennsylvania substantive law to Plaintiff's claim against Owens-Illinois. *See Phillips Petroleum*, 472 U.S. at 821; *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780.

## II.     THE CHOICE OF LAW RULES REQUIRE NEW JERSEY LAW.

The choice of law rules also confirm why New Jersey law governs Plaintiff's claim against Owens-Illinois. The allegations against International Paper in Pennsylvania cannot justify the application of Pennsylvania law to his claim against Owens-Illinois because New Jersey—the only state with an interest that is implicated by the claim against Owens-Illinois—employs *decapage*, the choice of law rule where different states' laws may apply to different issues in a single case. The Superior Court of Pennsylvania applied this rule in *Normann v. Johns-Manville Corp.*, 593 A.2d 890, 894 n.4 (1991), holding

2

that, "in a multi-defendant case, plaintiff's claims against each defendant is [sic] severable for choice-of-law purposes." *Accord Taylor v. Mooney Aircraft Corp.*, 265 F. App'x 87, 91 (3d Cir. 2008) (quoting *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 462 (3d Cir. 2006)).

Plaintiff's response also argues incorrectly there are no actual conflicts with New Jersey law. This Court and others have repeatedly recognized in the product liability context that true conflicts exist between the laws of Pennsylvania and New Jersey. *E.g.*, *Schwartz v. Accuratus Corp.*, 294 F. Supp. 3d 386, 390 (E.D. Pa. 2018) (finding an actual conflict between Pennsylvania and New Jersey law, and applying New Jersey law); *Borelli v. Everland*, No. CIV.A. 00-5721, 2006 WL 435730, at *3 (E.D. Pa. Feb. 21, 2006) (same; "courts in the Eastern District of Pennsylvania have found that there is a true conflict between the products liability laws of Pennsylvania and New Jersey"); *Kallman v. Aronchick*, 981 F. Supp. 2d 372, 379 (E.D. Pa. 2013) (same); *Durkin v. Paccar, Inc.*, No. CIV.A. 10-2013, 2010 WL 4117110, at *4 (D.N.J. Oct. 19, 2010) (same); *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 602, 614 (E.D. Pa. 2008) (same); *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 202 (E.D. Pa. 2008) (same); *Torres v. Lucca's Bakery*, 487 F. Supp. 2d 507, 513 (D.N.J. 2007) (same); *Henderson v. Merck & Co.*, No. 04-CV-05987-LDD, 2005 WL 2600220, at *7 (E.D. Pa. Oct. 11, 2005) (same); *Heindel v. Pfizer, Inc.*, 381 F. Supp. 2d 364, 373 (D.N.J. 2004) (same); *Williams v. Terex-Telelect, Inc.*, No. CIV. A. 01-CV-3770, 2003 WL 22431920, at *2 (E.D. Pa. May 19, 2003) (same); *Kenney v. Deere & Co.*, No. CIV. A. 98-602, 2000 WL 254316, at *2 (E.D. Pa. Mar. 7, 2000) (same).

Moreover, Plaintiff's argument (that Pennsylvania has a greater interest than New Jersey over a claim against Owens-Illinois based solely on New Jersey exposure)

3

contradicts controlling Pennsylvania authority. In *Normann*, an asbestos case against Owens-Illinois, the Superior Court of Pennsylvania reversed the trial court's application of Pennsylvania law. As here, the plaintiff was not exposed to asbestos in Pennsylvania from products made by Owens-Illinois, so applying Pennsylvania law "would not further any of Pennsylvania's policies." *Normann*, 593 A.2d at 894; *Restatement (Second) of Conflict of Laws* § 146 cmt. e (1971) ("The local law of the state where the personal injury occurred is most likely to be applied when the injured person has a settled relationship to that state, either because he is domiciled or resides there.").

### III.    THE PLAINTIFF'S REMAINING ARGUMENTS ARE MOOT.

Owens-Illinois will not repeat the reasons set forth in its motion why another amendment of Plaintiff's Amended Complaint to plead claims under New Jersey law would be futile.[1] At a minimum, however, this Court should require Plaintiff to plead his claim against Owens-Illinois, if any exists, under New Jersey law. *See Hu v. Herr Foods, Inc.*, 251 F. Supp. 3d 813, 817 (E.D. Pa. 2017) (granting motion for leave to amend the complaint and without prejudice to defendant's ability to file a motion under Federal Rule of Civil Procedure 11).

---

[1] For example, Plaintiff's allegation that Owens-Illinois operated a manufacturing facility after April 1958 and owned and operated a dumpsite along New Freedom Road have no evidentiary support and, as public records show, are outright false. Def.'s Mot. 5-6 & Ex. A, ECF 7.

## CONCLUSION

For these reasons, Owens-Illinois requests that this Court grant its motion to dismiss and enter an order dismissing Plaintiff's Amended Complaint against Owens-Illinois. Owens-Illinois also requests any further relief that this Court deems just and proper.

Respectfully submitted,

/s/ Brian O. Watson
**MARON MARVEL BRADLEY ANDERSON & TARDY LLC**
Chad D. Mountain, Esquire (86908)
Three Logan Square
1717 Arch Street, Suite 3710
Philadelphia, PA 19103

**RILEY SAFER HOLMES & CANCILA LLP**
Robert H. Riley (admitted *pro hac vice*)
Edward Casmere (admitted *pro hac vice*)
Joshua D. Lee (admitted *pro hac vice*)
Brian O. Watson (admitted *pro hac vice*)
Three First National Plaza
70 W Madison St, Ste 2900
Chicago, Illinois 60602

*Attorneys for Owens-Illinois, Inc.*

5